UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

IN RE:   APPLICATION OF CONSORCIO
MINERO, S.A.,                                              11 Mc. 354

               Applicant,                          OPINION

  -against-

THE RENCO GROUP, INC.,

               Respondent.

------------------------------------------X

A P P E A R A N C E S:

    Attorneys for Applicant

    McGUIRE WOODS LLP
    1345 Avenue of the Americas
    New York, NY  10105
    By:  Richard L. Jarashow, Esq.

    Attorneys for Respondent

    KING & SPALDING LLP
    1185 Avenue of the Americas
    New York, NY  10036
    BY:  Edward G. Kehoe, Esq.
         Lisa L. Albert, Esq.



**Sweet, D.J.**

The Renco Group Inc. ("Renco") has moved pursuant to 28 U.S.C. § 1782 and Rules 26, 30 and 45 of the Federal Rules of Civil Procedure to modify the Order Compelling Discovery for use in a Foreign Litigation that issued ex parte in Part I on October 5, 2011 (the "Order"), and the related subpoena for production of documents and deposition testimony that was served upon Renco on October 5, 2011 (the "Subpoena") to compel reciprocal discovery. Consorcio Minero S.A. ("Cormin"), a company organized and existing under the laws of the Republic of Peru obtained the Order pursuant to 28 U.S.C. § 1782 directing Renco, a New York based corporation, to produce documents allegedly relating to ongoing proceedings in Peru (the "Peruvian Actions"). In the Peruvian Actions, Cormin accuses Renco and its subsidiary, Doe Run Cayman Ltd. ("DRC"), of defrauding creditors of its indirect subsidiary, Doe Run Peru ("DRP") and the Republic of Peru.

For the reasons set forth below, reciprocal discovery is granted.

**The Parties**

Renco and its affiliates are the owners of some of the largest mining, metals and manufacturing companies in the world. Renco's indirect subsidiary DRP, a Peruvian company, owns the La Oroya Metallurgical Complex (the "Complex") and Cobriza mineral mine in La Oroya, Peru.

Cormin is a creditor and competitor of DRP in Peru.

**Prior Proceedings**

As a result of actions by the Republic of Peru and the termination of working capital facilities by DRP's banks on February 24, 2009, the Complex was forced to shut down on June 3, 2009.

In February 2010, Cormin commenced an involuntary bankruptcy against DRP with the Peruvian bankruptcy authority, INDECOPI. INDECOPI determined that DRC was entitled to participate in the Creditors' Meeting originally scheduled by INDECOPI to take place on April 4 and April 7, 2011, in which the Creditors would decide whether to liquidate or reorganize the company.

Cormin filed a civil complaint with the Twelfth Civil Court Specialized in Commercial Matters on March 24, 2011 requesting an ex parte order temporarily suspending any and all rights resulting from DRC's claims in the INDECOPI proceedings, and on March 30, 2011, the court granted Cromin's request and issued the order Cormin sought notwithstanding the prior determination by INDECOPI declaring the Intercompany Debt valid. In light of the judicial interference with its proceedings, INDECOPI thereafter suspended the Creditors' Meeting.

On April 8, 2011, Cormin filed a revised civil action against DRP and DRC in the Twelfth Civil Court Specialized in Commercial Matters stating that DRP and DRC implemented a series of complex financial transactions intended to embezzle and misappropriate funds belonging to Metaloroya S.A. and the Peruvian government. On April 25, 2011, a representative of Cormin filed a criminal action against representatives of Renco, DRP and others in the Third District Attorney's Office with Centralized Jurisdiction over Crimes of Corruption of Officials in and for Lima.

On May 12, 2011, DRP filed a criminal libel action against representatives of Cromin and Trafigura AG, an affiliate

3

of Cormin headquartered in Connecticut, in the Criminal Court in and for Lima seeking retribution for Cormin's conduct.

On May 19, 2011, DRP filed an application for discovery pursuant to 28 U.S.C. § 1782 against Trafigura with respect to the Peruvian Actions. The parties entered into a stipulation for the production of documents by Trafigura dated June 3, 2011, which was approved by the United States District Court for the District of Connecticut. DRP requested of Trafigura that it produce responsive documents held by Cormin. Trafigura claimed that it did not have the practical ability to obtain and produce documents in the possession and custody of its Peruvian affiliate, and Cormin refused to produce the documents voluntarily. DRP filed an application with the District Court seeking to compel Trafigura to obtain and produce the responsive documents held by its affiliate in Peru, and in an Opinion dated August 23, 2011, the court denied the application noting that "[Trafigura] claims that it does not have access to Cormin's strategy with respect to the INDECOPI or Peruvian proceedings, and it has not been provided the information and expects that it would not be permitted access to the information" and that "in support of the claim, [Trafigura] states that it sent a formal request to Cormin's counsel, Alfredo Polo, seeking the documents responsive to DRP's request;

4

Cormin rejected the request on the grounds that [Trafigura] has no legal or legitimate business basis for obtaining such information." Doe Run Peru S.R.L. v. Trafigura AG, No. 11 Mc. 77, Slip Op. at 8 (D. Conn. Aug. 23, 2011) (Dkt. No. 16-3).

Cormin filed an application in the Eastern District of Missouri seeking Section 1782 discovery against certain subsidiaries of Renco (the "Doe Rue Subsidiaries") located in St. Louis, Missouri. On September 30, 2011, the Honorable Carol E. Jackson granted Cromin's ex parte Section 1782 Application.

On February 27, 2012, Judge Jackson denied the Doe Run Subsidiaries' application to modify the discovery order issued in that case to require reciprocal discovery.

The instant motion was heard and marked fully submitted in Part I on November 15, 2011.

**Reciprocal Discovery Is Appropriate**

As the parties have demonstrated on this record they are engaged in extensive litigation in Peru, criminal and civil, centered on the transactions in which Renco and its affiliates obtained control of the Complex in 1997, their conduct of its

5

affairs thereafter, and the conduct of Cormin in connection with the bankruptcy in Peru. Both Renco and Cormin have sought discovery pursuant to the Federal Rules 28 U.S.C. § 1782, presumably broader than they could obtain in certain of the Peruvian actions.

The parties agree that it is within the Court's discretion to condition Section 1782 discovery on a reciprocal exchange of discovery.

A district court retains wide discretion to impose conditions that it deems appropriate in granting discovery in connection with a foreign proceeding under 28 U.S.C. § 1782. In re Esses, 101 F.3d 873, 876 (2d Cir. 1996) ("Section 1782 grants district courts wide discretion to determine whether to grant discovery and equally wide discretion to tailor such discovery to avoid attendant problems."); Euromepa S.A., v. R. Esmerian, Inc., 51 F.3d 1095, 1102 (2d Cir. 1995) ("We read section 1782's investment of broad discretion in the district courts as an invitation for district judges to fashion creative means of implementing the statute's double goal: promoting efficiency in international litigation and persuading other nations, by example, to do the same."); see also S. Rep. No. 1580, reprinted in 1964 U.S.C.C.A.N. 3782, 3788 (1964) ("[28 U.S.C. § 1782]

leaves the issuance of an appropriate order to the discretion of the court, which, in proper cases . . . may impose conditions it deems desirable").

"Consistently, the Second Circuit and the Supreme Court, have suggested that a district court could condition relief [under 28 U.S.C. § 1782] upon a reciprocal exchange of information, as such would lend parity to the disclosure mix." Minatec Finance S.A.R.L. v. SI Group, Inc., No. 08 Civ. 269, 2008 WL 3884374, at *9 (N.D.N.Y. Aug. 18, 2008) (citing Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 262 (2004); In re Esses, 101 F.3d at 876). In Minatec, the court granted an application by a Luxembourg corporation for discovery under 28 U.S.C. § 1782 against a New York corporation concerning proceedings in Germany, and held that "[w]ith the authority to direct reciprocal discovery, we will do so." Minatec, 2008 WL 3884374, at *9.

In Intel Corp., the Supreme Court stated that "[w]hen information is sought by an 'interested person,' a district court could condition relief upon that person's reciprocal exchange of information." Intel Corp., 542 U.S. at 262. In In re Esses the Second Circuit upheld the district court's decision to condition its order granting discovery under 28 U.S.C. § 1782

7

upon a reciprocal exchange of discovery between the parties, stating "[i]ndeed, in carefully crafting an order for reciprocal discovery between David and Linda in light of the underlying dispute between them, Judge Baer acted well within his discretion in ordering discovery." In re Esses, 101 F.3d at 876; see also In re Malev Hungarian Airlines, 964 F.2d 97, 102 n.4 (2d Cir. 1992) ("The district court can, of course, accept [the foreign corporation's] offer to engage in 'reciprocal discovery' . . . their offer of 'reciprocal discovery' means making witnesses and documents available in the United States to the same extent [the U.S corporation] is required to do so.")

Cormin has cited In re Republic of Ecuador, 2011 U.S. Dist. LEXIS 23666 (N.D. Cal. Feb. 22, 2011). However, that decision is factually inapposite as it involved a "wide range" of reciprocal discovery, "far afield" from the materials that the applicants sought. Id. at *29. Here, Renco's discovery requests are closely related to the Peruvian Actions, whereas Chevron in In re Republic of Ecuador had already received extensive discovery in other Section 1782 actions, concerns existed regarding sovereign immunity in that case, and Chevron's request for reciprocal discovery was untimely.

Cormin has also cited In re Procter & Gamble Co, 334 F. Supp. 2d 1112, 1117 (E.D. Wis. 2004), and notes that the court in that case granted the Section 1782 application and denied reciprocal discovery. The court noted that a court could condition a grant of Section 1782 discovery on reciprocal discovery and denied the request for reciprocal discovery because "there are no reciprocity concerns of the type discussed in Intel because [Kimberly-Clark] is free to initiate its own § 1782(a) action." 334 F. Supp. 2d at 1117; see also In re Imanagement Servs. Ltd., 2005 U.S. Dist. LEXIS 17025, at *22 (N.D.N.Y. Aug. 16, 2005) (noting, in denying reciprocal discovery that "in the event [the party requesting reciprocal discovery] does identify such evidence [that it seeks to discover], it is free at that time to file its own request for discovery under § 1782."). Here, Renco cannot initiate its own Section 1782 action against Cormin because Cormin is a Peruvian company and not found in any district in the United States. This favors granting a condition of reciprocal discovery.

Renco has a substantial interest in each of the Peruvian Actions. It is a party to one of the actions and each of the other parties adverse to Cormin is a wholly owned direct or indirect subsidiary of Renco. Cormin acknowledges that all of Peruvian Actions arise out of the same set of facts.

9

Renco did not receive discovery in the United States from Cormin or its affiliate, Trafigura AG. There is apparently no process by which Renco can seek and obtain documents from Cormin in the Peruvian proceedings in the manner in which discovery may proceed in the U.S. under 28 U.S.C. § 1782.

Reciprocal discovery is therefore appropriate.

The parties are directed to meet and confer on the scope of the discovery.

It is so ordered.

New York, NY
March 28, 2012

_____
ROBERT W. SWEET
U.S.D.J.